UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
JENNIFER RODRIGUEZ,

                        Plaintiff,

               v.

CONCERNED DENTAL CARE, P.C.,
CONCERNED DENTAL CARE OF
RICHMOND HILL, ARTUR NATANOV, and
KENNETH RUBIN, in their individual and
professional capacities,

                        Defendants.
-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Jennifer Rodriguez ("Ms. Rodriguez" or "Plaintiff"), by and through her undersigned counsel, Wigdor LLP, as and for the Complaint in this action against Defendants Concerned Dental Care, P.C., Concerned Dental Care of Richmond Hill (together, "Concerned Dental Care," the "Practice" or "Corporate Defendants"), Artur Natanov ("Dr. Natanov" or "Defendant Natanov") and Kenneth Rubin ("Dr. Rubin" or "Defendant Rubin") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff Jennifer Rodriguez, a single mother of three, has been forced to endure a pervasive and severe hostile work environment defined by endless offensive, degrading, and sexually harassing comments and conduct at the hands of her boss, Artur Natanov, culminating in a campaign of retaliation against her after she refused to entertain Dr. Natanov's sexual advances any longer.

2. Over the course of her employment, Dr. Natanov subjected Ms. Rodriguez to endless verbally harassing and discriminatory comments throughout her employment at the

Company, including, but not limited to: **"You've got a nice butt," "I like the shape of your breasts"** and **"I heard you pierced your nipples."**

3. Over time, Dr. Natanov's conduct became more explicit and aggressive, as his behavior escalated from verbal harassment to offensive physical touching. On one occasion, he **pressed his body against Ms. Rodriguez** as he was walking past her. Later that same month, Dr. Natanov invaded Ms. Rodriguez's personal space and privacy by moving away the top of her shirt to expose her tattoo and proceeding to **caress her chest** where the tattoo was located. He also **grabbed her behind**, stating that **"I wanted to see if it was real."** On another occasion, Dr. Natanov **grabbed Ms. Rodriguez's breasts and slapped her rear**.

4. As soon as Ms. Rodriguez complained about Dr. Natanov's conduct, the Owner of Concerned Dental Care, Kenneth Rubin, terminated her employment. He explained, **"Because of the incident, we have to let you go."**

5. As a result of the hostile work environment caused by the incessant sexually harassing comments and conduct of Dr. Natanov, as well as the retaliation to which she has been subjected in response to her protected complaints regarding his vile treatment, Ms. Rodriguez has suffered, and continues to suffer, economic harm, loss of credibility and marketability, as well as a great deal of humiliation, mental anguish and emotional distress.

6. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress the unlawful discrimination and retaliation committed against Ms. Rodriguez throughout her employment at Concerned Dental Care in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

## JURISDICTION AND VENUE

7.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant Concerned Dental Care is a domestic business corporation doing business in the State of New York and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

9.     Plaintiff Jennifer Rodriguez is a female employee of Concerned Dental Care in its 119-01 Liberty Avenue, Richmond Hill, New York 11419 location.  She is a resident of the State of New York and at all relevant times met the definition of an "employee" and/or "eligible employee" under all applicable statutes.

10.    Defendant Concerned Dental Care, P.C. is a domestic limited liability company and has a principal place of business at 68-36 108th St., Forest Hills, New York, 11375.  At all relevant times, Defendant Concerned Dental Care, P.C. met the definition of "employer" and/or a "covered employer" under all relevant statutes.

11.    Defendant Concerned Dental Care of Richmond Hill is a domestic limited liability company and has a principal place of business at 119-01 Liberty Avenue, Richmond Hill, New York 11419.  At all relevant times, Defendant Concerned Dental Care of Richmond Hill met the definition of "employer" and/or a "covered employer" under all relevant statutes.

12. Defendant Artur Natanov is a resident of the State of New York and Dentist at Concerned Dental Care. In his capacity as Dentist, Defendant Natanov directly supervised Ms. Rodriguez's performance from November 2014 to July 16, 2015. At all relevant times, Defendant Natanov was Ms. Rodriguez's supervisor, and, in that role, had the authority to discipline and fire Ms. Rodriguez, direct her work activities, assign her job responsibilities and monitor her performance. At all relevant times, Defendant Natanov was an "employer" within the meaning of all applicable statutes.

13. Defendant Kenneth Rubin is a resident of the State of New York and the Owner of Concerned Dental Care. In his capacity as Owner, Defendant Rubin directly supervised Ms. Rodriguez's performance from November 2014 to July 16, 2015. At all relevant times, Defendant Rubin was Ms. Rodriguez's supervisor, and, in that role, he had the authority to discipline and fire Ms. Rodriguez, direct her work activities, assign her job responsibilities and monitor her performance. At all relevant times, Defendant Rubin was an "employer" within the meaning of all applicable statutes.

## PROCEDURAL REQUIREMENTS

14. Prior to the commencement of this action, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue on December 17, 2015.

15. Prior to the commencement of this action, a copy of the Complaint was served both on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

16. Any and all other prerequisites to the filing of this suit have been met.

**FACTUAL ALLEGATIONS**

**Sexual Harassment Against Ms. Rodriguez and Other Female Employees**

17.     Ms. Rodriguez commenced her employment at Concerned Dental Care in November 2014, serving as a Dental Assistant to various dentists who were employed by the Practice, including Dr. Natanov, who worked twice a week at the Richmond Hill location of Concerned Dental Care.

18.     Despite Ms. Rodriguez's stellar performance and dedication to her job, she began to experience a dramatic and disturbing change in her working environment when she began losing what would amount to 40 pounds over the course of her employment at the Practice.

19.     Indeed, the treatment to which Ms. Rodriguez has been subjected, largely at the hands of Dr. Natanov, can be characterized as nothing but a concrete effort to create a hostile work environment, including through blatant and pervasive sexual harassment, unwanted physical touching and retaliation.

20.     For example, in or about June, Dr. Natanov leered at Ms. Rodriguez while they were alone together in his office.  He then proceeded to make several inappropriate comments regarding her weight loss.  For example, he told her:

> **"Your curves are showing."**
>
> **"You've got a nice butt."**
>
> **"You're losing weight, and your butt is getting bigger."**

21.     After this incident, Dr. Natanov continued to make similar comments to Ms. Rodriguez during almost every interaction they had at Concerned Dental Care.  The following represents only a few notable examples of the harassing statements that Dr. Natanov made to Ms. Rodriguez over the course of her employment:

> **"You look pretty today."**
>
> **"Your butt is big."**
>
> **"Your butt looks nice."**
>
> **"Your breasts look nice."**
>
> **"I like the shape of your breasts."**

22. Because Dr. Natanov's office was directly next to the area where Ms. Rodriguez was stationed, she was constantly subjected to sexual harassment that only escalated in severity as time wore on.

23. Disturbingly, Ms. Rodriguez is not the only victim of Dr. Natanov's sexual harassment. For example, one female Dental Assistant at the Practice described several incidents of sexual harassment that she experienced at the hands of Dr. Natanov:

> **Dr. Natanov frequently stared at her breasts.**
>
> **He told her, "You're pretty."**
>
> **He also commented, "You smell good."**
>
> **Dr. Natanov also gave her a gift card valued at $100 to Victoria's Secret.**

24. Concerned Dental Care has allowed Dr. Natanov to sexually harass the Practice's female employees with complete impunity.

25. Indeed, Dr. Natanov has been emboldened by the Practice's indifference and hostility to the female employees who have been sexually harassed during their employment at Concerned Dental Care.

**Escalating Sexual Harassment and Retaliation Against Ms. Rodriguez for her Complaints**

26. Dr. Natanov's conduct continued to escalate to the point where he was not only subjecting Ms. Rodriguez to verbal harassment, but exposing her to acts of sexual assault. Dr.

6

Natanov continued to physically touch Ms. Rodriguez, even though she has repeatedly asked him to stop. In fact, Dr. Natanov has laughed off every effort on Ms. Rodriguez's part to discourage his numerous assaults on her body.

27. For example, in or about June 2015, as Dr. Natanov was walking by Ms. Rodriguez, he pressed up against her and forced her to make physical contact with his body as he passed.

28. Later that month, Dr. Natanov approached Ms. Rodriguez and physically, forcefully pulled away the collar of Ms. Rodriguez's scrubs to expose the skin of her décolletage, in order to inspect a tattoo that she had below her right collarbone.

**Dr. Natanov proceeded to caress her skin where her tattoo was located.**

**He asked her, "Do you have any other tattoos? Where are they?"**

29. Ms. Rodriguez immediately objected to this offensive conduct and unwelcome physical touching. She told him, "Take your hands off me. That is none of your business."

30. On July 8, 2015, Ms. Rodriguez was in the lab area cleaning instruments in a sink, with her back turned to the entrance. Dr. Natanov entered the room and approached her.

**He then forcefully grabbed her buttocks and squeezed hard with one of his hands.**

31. In shock and frustration, Ms. Rodriguez asked him what would possess him to do such a thing. She unequivocally warned him to never touch her again.

**In response, Dr. Natanov laughed and said, "I wanted to see if it was real."**

32. On July 15, 2015, Dr. Natanov overheard a conversation in which one of Ms. Rodriguez's close co-workers mentioned that Ms. Rodriguez had recently gotten piercings. Dr. Natanov approached Ms. Rodriguez and said,

**"I heard you pierced your nipples."**

**Dr. Natanov then grabbed both of her breast nipples, squeezing them forcefully and then slapped her buttocks.**

33. Such unlawful sexual conduct constitutes physical assault and battery.

34. On the day of Dr. Natanov's last sexual assault against Ms. Rodriguez, Ms. Rodriguez immediately went to report the incident to the Office Manager at the Practice to discuss the sexual harassment that she had experienced at the hands of Dr. Natanov.

35. The Office Manager promised Ms. Rodriguez that she would speak to the Owner of the Practice, Dr. Kenneth Rubin, regarding Dr. Natanov's unlawful conduct and that it would be addressed. She assured Ms. Rodriguez that they would take care of the situation.

36. However, these promises rang hollow, even in the immediate aftermath of her complaints, as Ms. Rodriguez was still expected to return to Dr. Natanov's office in order to assist him with a procedure on a patient immediately following the sexual assault.

37. On July 16, 2015 – *only one day* after Ms. Rodriguez complained to the Office Manager about Dr. Natanov, she was called in to speak to Dr. Rubin, who told her that the Practice would be terminating her employment, effective immediately. Dr. Rubin explained,

**"Because of the *incident*, we have to let you go."**

38. As a result of the hostile work environment caused by the incessant sexually harassing comments and conduct of Dr. Natanov, as well as the retaliation to which she has been subjected in response to her protected complaints regarding his vile treatment, Ms. Rodriguez has suffered, and continues to suffer, economic harm, loss of credibility and marketability, as well as a great deal of humiliation, mental anguish and emotional distress.

39. Defendants' conduct can be defined as nothing short of unlawful discriminatory actions constituting malicious, willful and wanton behavior in violation of Ms. Rodriguez's legal right to work in an employment setting free of sexual harassment and retaliation.

### **FIRST CAUSE OF ACTION**
### **(Discrimination and Harassment in Violation of Title VII)**
### *Against Corporate Defendants*

40. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

41. By the actions described above, among others, Corporate Defendants discriminated against Ms. Rodriguez on the basis of her gender in violation of Title VII by denying her the same terms and conditions of employment available to male employees, including, but not limited to, subjecting her to disparate working conditions, denying her terms and conditions of employment equal to those of male employees, and terminating her employment.

42. As a direct and proximate result of Corporate Defendants' unlawful discriminatory conduct in violation of Title VII, Ms. Rodriguez has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

43. As a direct and proximate result of Corporate Defendants' unlawful discriminatory conduct in violation of Title VII, Ms. Rodriguez has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

44. Corporate Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII for which Ms. Rodriguez is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)
*Against Corporate Defendants*

45. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

46. Corporate Defendants have retaliated against Plaintiff by, *inter alia*, terminating her employment on the basis of her complaints regarding Defendant Natanov's sexual harassment, all in violation of Title VII, for her opposition to discriminatory practices directed towards herself due to her gender and/or participation in complaining about these discriminatory practices towards herself.

47. As a direct and proximate result of Corporate Defendants' unlawful retaliatory conduct in violation of Title VII, Ms. Rodriguez has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

48. As a direct and proximate result of Corporate Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

49. Corporate Defendants' unlawful and retaliatory actions constitute malicious willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Discrimination and Harassment in Violation of the NYSHRL)
*Against All Defendants*

50. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

51. By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her sex in violation of the NYSHRL by denying Plaintiff the same terms and conditions of employment available to male employees, including, but not limited to, denying her the opportunity to work in an employment setting free of unlawful discrimination and sexual harassment.

52. Defendants have discriminated against Plaintiff on the basis of her sex in violation of the NYSHRL by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

53. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

54. As a direct and proximate result of Defendants' unlawful conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
*Against All Defendants*

55. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

56. By the actions described above, among others, Defendants retaliated against Plaintiff on the basis of her protected activities in violation of the NYSHRL by, *inter alia*, terminating her employment on the basis of her complaints regarding Defendant Natanov's sexual harassment.

57. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled to an award of monetary damages and other relief.

58. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION
### (Aiding and Abetting in Violation of the NYSHRL)
*Against Defendants Natanov and Rubin*

59. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

60. Defendants Natanov and Rubin directly participated in the discriminatory conduct perpetrated against Plaintiff, including, but not limited to, subjecting her to sexual harassment and retaliation on the basis of her complaints.

61. At all relevant times, Defendants Natanov and Rubin were supervisors of Plaintiff and had the ability to control the terms and conditions of her employment, including, but not limited to, the power to terminate Plaintiff's employment.

62. Defendants Natanov and Rubin knowingly or recklessly aided and abetted the unlawful discrimination and retaliation against Plaintiff in violation of the NYSHRL, including, but not limited to, subjecting her to a hostile work environment and terminating her employment on the basis of her complaints regarding sexual harassment.

63. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

64. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

### SIXTH CAUSE OF ACTION
**(Discrimination and Harassment in Violation of the NYCHRL)**
*Against All Defendants*

65. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

66. Defendants have discriminated against Plaintiff on the basis of her sex in violation of the NYCHRL by denying her equal terms and conditions of employment, including, but not limited to, denying her the opportunity to work in an employment setting free of unlawful discrimination and sexual harassment.

67. Defendants have discriminated against Plaintiff on the basis of her sex in violation of the NYCHRL by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

68. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

69. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

70. Defendants' unlawful discriminatory actions constitute malicious, willful and wanton violations of NYCHRL for which Plaintiff is entitled to an award of punitive damages.

### SEVENTH CAUSE OF ACTION
**(Retaliation in Violation of the NYCHRL)**
*Against All Defendants*

71. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

72. By the actions described above, among others, Defendants retaliated against Plaintiff on the basis of her protected activities in violation of the NYCHRL by, *inter alia*, terminating her employment on the basis of her complaints regarding Defendant Natanov's sexual harassment.

73. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

74. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

75. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of NYCHRL for which Plaintiff is entitled to an award of punitive damages.

**EIGHTH CAUSE OF ACTION**
**(Aiding and Abetting in Violation of the NYCHRL)**
*Against Defendants Natanov and Rubin*

76. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

77. Defendants Natanov and Rubin directly participated in the discriminatory conduct perpetrated against Plaintiff, including, but not limited to, subjecting her to sexual harassment and retaliation on the basis of her complaints.

78. At all relevant times, Defendants Natanov and Rubin supervised Plaintiff and had the ability to control the terms and conditions of her employment, including, but not limited to, the power to terminate Plaintiff's employment.

79. Defendants Natanov and Rubin knowingly or recklessly aided and abetted the unlawful discrimination and retaliation against Plaintiff in violation of the NYSHRL, including,

15

but not limited to, subjecting her to a hostile work environment and terminating her employment on the basis of her complaints regarding sexual harassment.

80. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

81. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

82. Defendants' Natanov and Rubin unlawful and discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## NINTH CAUSE OF ACTION
**(Assault)**
*Against Defendant Natanov*

83. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

84. The violent and sexual acts committed intentionally by Defendant Natanov against Plaintiff and without her consent, including, but not limited to, his sexual assaults of Plaintiff, each created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person.

85. As a direct and proximate result of the aforementioned assaults, Plaintiff has sustained in the past, and will sustain in the future, *inter alia*, physical injury, monetary damages,

pain and suffering, psychological and emotional distress, mental anguish, embarrassment, humiliation and loss of career fulfillment.

86. Defendant Natanov's conduct was wanton, malicious, willful and/or cruel, entitling Plaintiff an award of punitive damages.

## TENTH CAUSE OF ACTION
### (Gender-Motivated Violence Pursuant to NYC Admin. Code §§ 8-901, *et seq.*)
*Against Defendant Natanov*

87. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

88. Defendant Natanov engaged in conduct toward Plaintiff that is extreme and outrageous so as to exceed the bounds of decency in a civilized society; namely by, *inter alia*, subjecting her to repeated sexual attacks, sexual assaults and sexual harassment.

89. These actions were taken with intent to cause, or disregard for, the substantial probability of causing severe emotional distress.

90. As a direct and proximate result of Defendant Natanov's extreme and outrageous conduct, Plaintiff has suffered severe emotional distress, including continuing mental anguish, physical injury, fear, anxiety and depression, which require continuing mental health treatment.

91. Defendant Natanov's conduct was wanton, malicious, willful and/or cruel, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants for the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York and the City of New York;

  B. An injunction and order permanently restraining Defendants and its partners, officers, Owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

  C. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment and postjudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, loss of income, earned bonus pay, reputational harm and harm to professional reputation; for harm to her professional and personal reputations and loss of career fulfillment; for all non-monetary and/or compensatory harm, including, but not limited to, compensation for physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, stress and anxiety, embarrassment and humiliation; and all other monetary and/or non-monetary losses suffered by Plaintiff;

  D. An award of punitive damages in an amount to be determined at trial;

  E. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

  F. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: January 7, 2016
New York, New York

                                              Respectfully submitted,

                                              **WIGDOR LLP**

                                              By: _____
                                                   Jeanne M. Christensen
                                                   Drei Munar

                                              85 Fifth Avenue
                                              New York, New York 10003
                                              Telephone: (212) 257-6800
                                              Facsimile: (212) 257-6845
                                              jchristensen@wigdorlaw.com
                                              dmunar@wigdorlaw.com

                                              *Counsel for Plaintiff*